IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN WAYNE QUICK (TDCJ No. 1243617), Petitioner, V. CHRISTOPHER CARTER, Senior Warden, Respondent. | § § § § § § § § § § § § No. 3:15-cv-3950-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Steven Wayne Quick, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, this application appears to be an unauthorized successive habeas petition, and the Court should dismiss it without prejudice to Quick's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file the application.

**Background**

The factual and procedural background applicable to Quick's current federal habeas application was set out by the Court recently, in the findings, conclusions, and recommendation of Magistrate Judge Irma Carrillo Ramirez concerning a separate federal habeas application the Court found to be unauthorized as successive:

> On July 7, 2004, Petitioner was convicted of unlawful restraint in Cause
> No. 22,051 in the 196th Judicial District Court in Hunt County, Texas,

> and sentenced to twenty years' imprisonment. He appealed, and the Sixth District Court of Appeals affirmed his conviction and sentence in an unpublished opinion on March 17, 2005. *Quick v. State*, No. 06-04-00107-CR (Tex. App. – Texarkana, March 17, 2005, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals....
>
> The records of the Texas Court of Criminal Appeals show that he did file a state writ application challenging his conviction on June 12, 2012, and it was denied on the merits without a written order on August 8, 2012. *See Ex parte Quick*, No. WR-19,831-02 (Tex. Crim. App. Aug. 8, 2012).
>
> Petitioner has also previously filed several federal petitions for habeas corpus relief challenging his 2004 conviction for unlawful restraint. His February 2, 2006 petition was dismissed without prejudice for failure to exhaust state court remedies. *See Quick v. Dretke*, No. 3:06-cv-280-B (N.D. Tex. March 21, 2006). His March 4, 2011 petition was dismissed without prejudice for want of prosecution on February 27, 2012. *See Quick v. Alford*, No.3:11-cv-2520-N (N.D. Tex. March 22, 2012). His August 23, 2011 petition was dismissed without prejudice on his own motion. *See Quick v. Thaler*, No. 3:11-cv-2095-L (N.D. Tex. Sep. 30, 2011). His August 24, 2012 petition was denied with prejudice as barred by the statute of limitations. *See Quick v. Alford*, No. 3:12-cv-3378-M (N.D. Tex. Sep. 25, 2012). A fifth § 2254 petition, filed on July 23, 2014, was transferred to the Fifth Circuit as successive. *See Quick v. Stephens*, No. 3:14-cv-3008-B (N.D. Tex. January 6, 2015).

*Quick v. Stephens*, No. 3:15-cv-2559-N-BH, 2015 WL 5021379, at *1 (N.D. Tex. Aug. 5, 2015), *rec. adopted*, 2015 WL 5017046 (N.D. Tex. Aug. 24, 2015) (some citations omitted).

Through his current Section 2254 application, Quick again challenges his July 7, 2004 state conviction, *see* Dkt. No. 3 at 2, claiming that he "was exonerated before the arrest took place," that his "conviction is infested with corruption," that he "was given a trial that was nothing but a kangaroo court," and, more broadly, that there are "multiple violations of equal protection and due process," *id.* at 6-7.

For the reasons explained below, given Quick's established history of federal post-conviction challenges to this state conviction, the Court should dismiss his current habeas application without prejudice to Quick's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file the application.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same state criminal judgment(s), a federal court "'look[s] to pre-AEDPA abuse of the writ principles in

determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003)).

Quick's claims appear to be successive within the meaning of AEDPA. And his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to the district court's asserting jurisdiction over [it] until [the Fifth Circuit grants Quick] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Quick] should be allowed to file the successive [application] in the district court.

*United States v. King*, No. 3:97-cr-0083-D-01, 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir.

2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). Given Quick's litigation history, as set out by Judge Ramirez just some five months ago, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *King*, 2003 WL 21663712, at *1.

## Recommendation

The Court should dismiss Quick's current application for a writ of habeas corpus without prejudice to his right to file a motion for leave to file a successive 28 U.S.C. § 2254 application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 14, 2015

                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE